<u>Unite State district Court of Connecticut</u>

David B. Elliston
#298374

3:21cv1272 (JAM)

-V-

Warden: Zelynette Caron
Dept. Warden: Carolyn Mcclenvon
Capt. Rios
Lt. Mccalla

## Complaint:

This is a Civil action Complaint authorized by the 42 U.S.C Section §1983 redress the deprivation of my rights under the First, Eighth, Amendments, and State, and federal torts, intentional torts, for deliberate indifference, retaliation, unconstitutional Conditions of Confinement, and Cruel and unusual punishment, etc. This complaint is being field in accordance with section §1983, Which my rights are secured by the Constitution of the United States. All defendants are being sued in their official and individual capacities Which all defendants acted under color of State law when incidents had occurred.

1.

Which plaintiff seeks monetary declaratory and injunction relief, and any other relief that this court may deem just.

## Parties Involved:

1. Plaintiff, David B. Elliston, is a resident of Connecticut, and currently incarcerated, prisoner, address is Brooklyn Corrections, 59 Hartford Rd, Brooklyn CT, 06234.

2. Defendant, Zelynette Caron, is the defendant is this matter, and work for D.O.C, and was the Warden at Carl Robinson C.I. When incidents occurred, and acted under color of state law, and being sued in her official and individual capacities. Address is 29 Wolcott hill Rd. CT

3. Defendant Carolyn Mackenvon, is a defendant in this matter, and was the Deputy Warden at Carl Robinson C.I. When the incidents occurred, and acted under color of state law, and being sued in official and individual capacities

2.

, Works for Department of Corrections.

4. Defendant, Capt. Rios, is a defendant, She acted under color of State law when incident occurred, She is being sued in her official and individual capacities, She work for department of corrections and was a Capt. at Carl Robinson when incident Occurred.

5. Defendant Lt. Mccalla, is a defendant in this matt, since this incident occurred, acted under color of State law, being sued in official and individual capacities, work at Carl Robinson C.I. as a Lt., Work for Department of Corrections.

6.

## Facts:

7. On (May 2017), I was sent to Carl Robinson C.I. to be housed. During my time at Carl Robinson C.I., I noticed unconstitutional conditions in the inmates

3.

living areas. The housing areas were in bad state of living conditions, which always stayed in deplorable conditions due to inmates has no control over the plumbing system. Which the water system is always flooding in the showers and toilet areas. Which inmates are forced to shower in raw sewage waste water up to our ankles. Which defendants are well aware of the hazardous living conditions and deliberately fail to remedy the rest room and shower issue at that facility.

8. Nonetheless, since the plaintiff had moved to Carl Robinson C.I. the plaintiff complaints about the living conditions had went ignored. Plaintiff filed complaints which were never addressed or processed. Defendants would always state to the plaintiff "Don't come to jail". Which defendants would not acknowledge whether they received my greivances. They would always state my greivances got lost or crack jokes about the greivances system within the facility "do not process wise guys greivances."

4.

The greivance process were written in the rules, but its only white nois.

9. However, in (Dec. 2019) defendants Z. Caron, C. Mcclenvon, and Capt. Rios, and Lt. Mccalla were all aware that the Corona Virus was a infectious desease, which could kill or severely sickin those infected. Moreover, defendants are aware that prisons are the "amplifiers for infectious desease...." Which defendants was aware by the C.D.C guidlines, World health organizations, that prisons were considered on the list of vulnerable populations throughout this world crisis of Covid-19 pandemic that which defendants had deliberately failed to protect me from harm and placed me in a dangerous hazardous living condition to catch Covid-19.

10. In Jan. 2020, defendants Z. Caron, C. Mcclenvon, Capt. Rios, and Lt. Mccalla was well aware of the danger and risks to human life which Corona Virus posed, and which defendants had deliberately failed to protect

or mitigate the spread of Covid-19 throughout the facility. See Fernandez-Rodriguez v. Licon-Vitale, 470 F. Supp. 3d 323, 349 (S.D.N.Y. 2020) (observing that within a few months after the Covid-19 pandemic first began in the United State "it [was] beyond debate that [the virus] [was] a disease that [could] seriously sicken, and even kill those who suffer from it.").

11. In Jan. 2020 through March 2020, defendants allowed sick correctional officers, and newly admitted inmates who were also sick infected with Covid-19 to enter into the Carl Robinson facility without being screened for this potential deadly virus.

12. Furthermore, When the virus had first began at the Carl Robinson facility in Feb. 2020, defendants Z. Caron, C. Mcclenvon, Lt. Mecalla, and Capt. Rios deliberately fail to provide the plaintiff with cleaning sipples, hand sanitizers, bleech, cloths to wipe down surfaces, Mask and testing, to mitigate the spread. Which they failed to quarantine sick Covid

6.

infected inmates and Kept Covid infected inmates together with healthy inmates lock in a dorm housing unit.

13. In March 2020, inmates in my housing units were sick with Covid-19, and were not being tested, or quarantined. Inmates were passing out, coughing, high fevers, throughout my housing unit. I was not provided a Mask or cleaning supplies, soap. I was not provided with any kind of safety measures to mitigate me from catching or spreading Covid-19. Which I faced death.

14. In March 2020, I written to my family I written requests slips, and greivances to the Warden, Deputy Warden, and Medical department about the issues of Covid-19 in my housing unit and that I wanted to be moved out to a safer housing unit. Which my greivances and letters to the defendants went ignored and they never responded.

7.

In March 2020, defendants Warden Z. Caron, Deputy Warden C. Mcclenvon, Capt. Rios and Lt. Mccalla would come to my unit to tour. I would personally ask them to be moved to a safer unit. Which I would not be exposed to Covid-19 unnecessarily, or provided me with a Mask. The defendants responded "don't come to jail", or "tough luck". Defendants had handle Covid-19 as if it was a common cold. I ask defendants Z. Caron, C. Mcclenvon, Capt. Rios, and Lt. Mccalla for cleaning supplies, Mask, hand sanitizers, which the C.D.C guidelines had reccomended. But the defendants had refused my requests with deliberate indifference, and left me to fend for myself.

15. "Courts within and outside the second Circuit have recognized that Covid-19 poses a serious risk or harm to inmates. See Fernadez-Rodriguez, 470 F. Supp. 3d at 349-51 (collecting cases)." Additionally, it is well-established in the second Circuit that "prison officials have an Eighth Amendment

8.

duty to protect inmates from exposure to communicable diseases." Martinez-Brooks v. Easter, 459 F. Supp. 3d 411, 439 (D. Conn. 2020) (citing Jolly v. Coughlin, 76 F. 3d 468, 477 (2d Cir. 1996) ("[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease."); Lareau v. Manson, 651 F.2d 96, 109 (2d Cir. 1981) ("[F]ailure to adequately screen newly arrived inmates for communicable disease represents an (omission) sufficiently harmful to evidence deliberate indifference to serious medical needs (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976); Id. ("[I]t is unnecessary to require evidence that an infectious disease has actually spread in an overcrowded jail before issuing a remedy.")

16. Which here in this civil matter, defendants Z. Caron, C. Mcclenvon, Capt. Rios, and Lt. Mccalla had known about the seriousness of risk of harm to my life, health and safety which Covid-19 had posed, and disregarded the risk with a reckless

deliberate indifference in violation of my Eighth Amendment. Which they failed to respond reasonably to mitigate and protect me from being exposed to Covid Virus in Jan. 2020 through March 2020. Which I repeatedly complained about my safety. Which my greivances, and complaints went without any type of assistance from the defendants. Inmates were sick infected with Covid-19 within my dorm which caused me alarm, stress... and when I informed the defendants about the living conditions, defendants had refused to assist me and refused to protect me from the Covid-19 exposure.

17. In April 2020, I caught Covid-19, I couldn't smell, taste, I had severe migrains, I temporarily lost my hearing in my right ear, I had a severe cough, my toes became black at the tips..... I had sever sleep deprivation, sever emotional distress, sever fear of dying.

10.

In addition, defendants had punished me for catching Covid and I was sent to Northern C.I. which Northern C.I. was a Maximum level 5 hardcore prison, the worst of the worst. Whereas, instead of bein sent to the hospital; I was sent to Northern... See Exhibit ( ) I was not provided with reasonable medical care at all, I was denied human basic needs, I was denied toilet paper to clean myself after each bowel movement, I was denied showers, bedding, clean underwear... Other Covid infected inmates who were in the cell before me had Covid-virus which the cells were not disinfected before placing me in the cell... Inmates were not quarantined seperately. I had to eat on the floor where urine and human waste on the walls and flool. The living conditions were so unbarable and harsh. I should have not been treated like a animal just because I had Covid-19.

11.

18.  I was at Northern C.I. for 12 days. Where the conditions of confinement was unconstitutional.

19.  On May 4, 2020, I was sent back to Carl Robinson Correctional facility. Upon my arrival back into the facility, the defendants had stated to the plaintiff "how was my trip to disney world", and further stated "They are giving out more free trips to anyone who complain about Covid." Also, defendants Z. Caron, C. Mcclenvon, Capt. Rios, and Lt. Mecalla stated "real people lives being affected I being a throw away keep writing and asking question." Which Capt. Rios, told me to keep my greivances to myself, or else... I knew that moment that I was moved to Northern C.I. out of retaliation for my prior greivances which were not returned to me.

20.  After Capt. Rios made her statement, I looked at Warden Z. Caron, and Dept. Warden C. Mcclenvon and they both stated that they didn't hear anything....

12.

Which I was then ordered to go to my housing unit.

21. For the rest of my time at Carl Robinson I was in fear for my life. I stayed out the defendants way. I was suffering from sever ansomina. I couldn't tell no one what happen to me for fear of further retaliation.

22. My life was threated by Capt. Rios, and the defendants was gross and unprofessional, and defendants sat there and listend to the threats and foiled to act, and looked the other way.

23. Therefore, based on the incidents which are described herein this civil complaint, all all defendants are being sued in their official and individual capacities for violation of the plaintiffs Eighth Amendment Rights for unconstitutional conditions of [confinement], and I.I.E.D cruel and unusual punishment, deliberate indifference......

13.

24. Plaintiff has exhausted his remedies as best as he could in respect to all defendants and all Claims, which defendants had activily frustrated and blocked me from access to the greivance procedures by not allowing my complaints to be processed.

25. Claims:

Cout One:

Failure to protect / and Deliberate Indifference

Plaintiff hereby realleges, and incorporates by reference in paragraph (1-24) as fully rested herein;

26. Defendants Z. Caron, C. Mcclenvon, Capt. Rios, and Lt. Mccalla had deliberately failed to respond to the plaintiffs health and safety from being exposed to the Covid-19 Virus with a Callous reckless disregard for human life...

Whereas, defendants had intentionally failed to follow the state mandate for Mask, social distancing, preventing measure to mitigate Covid exposure which they denied the plaintiff cleaning supplies, hand sanitizers, showers to mitigate Covid from spreading throughout the institution with a deliberate indifference. Which defendants did not even follow the C.D.C guidelines for prisons. Which defendants acted with a intentional deliberate reckless disregard for human life. Which caused me to be deliberate exposed to catch Covid-19 Virus. In violation of my Eighth Amendment of the United States Constitution. Defendants had an duty to protect me from being exposed to this deadly Virus.

27.   Count two:

<u>Unconstitutional
Conditions of Confinement:</u>

28. Plaintiff hereby realleges, and incorporate by reference in paragraphs (1-24) as fully restated herein;

Defendants Z. Caren, C. Mcclenvon, Capt. Rios, and Lt. Mccalla had all violated the plaintiff Eighth Amendment Rights by placing the plaintiff in a well knew dangerous living conditions to be exposed to catch Covid-19 Virus deliberately, and failed to carry out the guidelines issued by C.D.C for prisons to mitigate the spread within the facility. Defendants has failed intentionally to provide the plaintiff with cleaning supplies to disinfect housing unit areas which sick inmates were removed before placing me in the housing unit... Defendants had denied me toilet paper, showers, clean underwear for 2 weeks straight. Which is a violation of my Eighth Amendment Rights and is proof of unconstitutional conditions of confinement under the circumstances which existed at the time.

I was denied the human basic needs intentionally. Moreover, defendants has failed to adequately quarantine Covid-19 infected inmates seperately from healthy inmates, and defendants has failed to adequately screen newly arrived inmates for Covid Virus before placing them in population knowing that the Covid Virus was a disease which could kill or sickin those infected. Which the conditions I endured had cause me to catch Covid in violation of my Eighth Amendment Right based on the defendants unconstitutional behavior of not following the guidelines advised by the C.D.C for prisons.

29. Count Three

I.I.E.D

Plaintiff hereby realleges, and incorporates by reference in paragraphs (1-24) as fully restated herein;

17.

30. Defendants Z. Caron, C. Mcclenvan Capt. Rios, and Lt. Mccalla had all place the plaintiff in a dangerous hazardous living condition to catch Covid-19 Virus, and transfered the plaintiff to Northern C.I. to be punished. Which the plaintiff had suffered from sever I.I.E.D. and couldn't sleep, sever fear of dying, sever Migrains, sever Coughing because the defendants had intentionally inflicted emotional distress on me and commited a tort against me, by exposeding me to Covid and Unconstitutional Conditions of Confinement. Which defendants are being sued.

31. Count four:

   <u>Cruel and Unusual Punishment:</u>

   Plaintiff hereby realleges, and incorporates by reference in paragraphs (1-24) as fully restated herein;

32. Defendants Z. Caron, C. Mcclenvon, Capt. Rios, and Lt. Mccalla had placed the plaintiff in a situation and unconstitutional conditions to be exposed to Covid-19 and to also catch Covid-19 Virus in violation of my Eighth Amendment Rights. Moreover, defendants had denied the plaintiff human basic needs to mitigate the spread of Covid-19 and placed the plaintiff in a dangerous hazardous living condition which were unconstitutional and cruel and unusual punishment. Therein the defendants are being sued in their Official and individual capacities...

33. <u>Award Damages</u>:

 • Cost of Legal Bills

 • Waive Cost of incarceration

34. <u>Damages</u>:

Defendant:

| | | |
|---|---|---|
| Zelunette | Caron | $100,000.00 |
| Carolyn | Mcclenvon | $100,000.00 |
| Capt. | Rios | $100,000.00 |
| Lt. | Mccalla | $100,000.00 |

Date: 9-9-2021

Sign: D. Elliston

Louise Downer
9/9/2021



Louise Downer
NOTARY PUBLIC
State of Connecticut
My Commission Expires
September 30, 2025

20.