UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID B. ELLISTON,<br>    *Plaintiff*,<br><br>         v.<br><br>ZELYNETTE CARON *et al.*,<br>    *Defendants*. | No. 3:21-cv-1272 (JAM) |

**INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A**

David B. Elliston is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against several prison officials. Elliston alleges that he caught COVID-19 because of the defendants' deliberate indifference to his health and safety. I will allow his claims to go forward against the defendants in their personal capacity.

### BACKGROUND

Elliston complains about his treatment at the Carl Robinson Correctional Institution. He brings claims against Zelynette Caron (the warden at the time), Carolyn McClenvon (the deputy warden), and two other officers, whom he identifies as Rios and Mccalla.[1] He sues them in both their official and individual capacities. According to Elliston, the defendants knew by early 2020 that COVID-19 was dangerous, especially to prisoners. Nevertheless, he claims, they failed to protect him from that risk.[2] He alleges, for example, that they let sick officers and inmates into the prison without being screened for the virus and put infected inmates in his housing unit.[3] Elliston also claims that he "personally ask[ed]" each defendant "for cleaning supplies, [a] mask,

---

[1] Doc. #1 at 2–3 (¶¶ 1–5).
[2] *Id.* at 5 (¶¶ 9–10).
[3] *Id.* at 6–7 (¶¶ 11–13).

[and] hand sanitizers," and to be moved to a safer unit.[4] But, he says, they ignored his requests.[5] Instead, he allegedly "was not provided with any kind of safety measures" and was housed with infected inmates.[6]

Because of these failings, Elliston claims, he caught COVID-19. He lost his senses of smell, taste, and hearing in his right ear; had trouble sleeping; and suffered a severe cough, emotional distress, and blackness in his toes.[7] But even then, the defendants allegedly failed to provide him with adequate medical care. Instead, they sent him to a different prison—Northern Correctional Institution—where he was allegedly "denied toilet paper" and forced "to eat on the floor [with] urine and human waste."[8]

Elliston brings four claims against each of the defendants. He brings three federal claims, for deliberate indifference, unconstitutional conditions of confinement, and cruel and unusual punishment under the Eighth Amendment. He also brings a state-law claim for intentional infliction of emotional distress.[9]

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint against a governmental entity or governmental actors and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or

---

[4] *Id.* at 8 (¶ 14).
[5] *Id.* at 6 (¶ 12).
[6] *Id.* at 7 (¶ 13).
[7] *Id.* at 10 (¶ 14).
[8] *Id.* at 11 (¶ 14).
[9] *Id.* at 14–19. The Court limits its review for purposes of 28 U.S.C. § 1915A to federal law claims. That is because the core purpose of an initial review order is to make a speedy initial screening determination of whether the lawsuit may proceed at all in federal court and should be served upon any of the named defendants. If, after an initial review, there are no facially plausible federal law claims against any of the named defendants, then the Court would likely decline to exercise supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. On the other hand, if there are any viable federal law claims that remain, then the validity of any accompanying state law claims may be appropriately addressed in the usual course by way of a motion to dismiss or motion for summary judgment. *See Holness v. Gagne*, 2019 WL 6683058, at *10 n.3 (D. Conn. 2019).

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations of the complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

The Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of allegations in federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[10]

The Eighth Amendment to the U.S. Constitution prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has long recognized that prison officials violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm or to the serious medical needs of a sentenced prisoner. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Elliston alleges that the defendants violated his Eight Amendment rights by exposing him to a substantial risk of contracting COVID-19. Although Elliston divides his complaint into claims for "deliberate indifference," "unconstitutional conditions of confinement," and "cruel and unusual punishment," these claims are based on the same facts and are different ways of phrasing the same Eighth Amendment claim.

A deliberate indifference claim under the Eighth Amendment has two requirements. First, the prisoner must allege that he was subject to an objectively serious risk of harm or serious medical need, as distinct from what a reasonable person would understand to be a minor risk of

---

[10] Unless otherwise noted, this ruling omits all internal quotation marks, citations, brackets, and other alterations in its quotations and citations of case decisions.

harm or minor medical need. *See Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020). For purposes of this order, I find that Elliston's risk of contracting COVID-19 plausibly satisfies the objective prong of the Eighth Amendment standard. It is common knowledge that COVID-19 is a deadly disease that presents a serious threat to inmates. *See Petitpas v. Griffin*, 2020 WL 6826723, at *6 (D. Conn. 2020); *see also Fernandez-Rodriguez v. Licon-Vitale*, 470 F. Supp. 3d 323, 349 (S.D.N.Y. 2020) (collecting cases). And Elliston alleges that he was forced to stay with infected inmates, without masks or cleaning supplies, as COVID-19 spread throughout the prisons. This plausibly put him at an objective risk of serious harm.

Elliston has also plausibly alleged the second prong. To meet this prong, he must allege facts to suggest that the defendants acted not merely carelessly or negligently, but with a subjectively reckless state of mind akin to criminal recklessness. In other words, he must allege that they were aware of a substantial risk that he would be seriously harmed if they did not act. *See, e.g.*, *Spavone v. N.Y. Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013); *Hilton v. Wright*, 673 F.3d 120, 127 (2d Cir. 2012); *Collazo v. Pagano*, 656 F.3d 131, 135 (2d Cir. 2011) (*per curiam*). But "[o]fficials need only be aware of the risk of harm, not intend harm. And awareness may be proven from the very fact that the risk was obvious." *Spavone*, 719 F.3d at 138.

Elliston alleges that he asked each defendant for a mask, for cleaning supplies, and to be moved to a safer unit. In response, he claims, the defendants did not help him at all. These claims are sufficient for initial pleading purposes to allege that the defendants acted recklessly despite knowing the substantial risk that COVID-19 posed to Elliston and other inmates. Accordingly, I will allow Elliston's Eighth Amendment deliberate indifference claims to proceed.

I will, however, limit the claims in two ways. First, some of Elliston's allegations are about the conditions he faced not at Robinson, but when he was briefly transferred to Northern. Yet although his allegations are serious, he has failed to connect them to any of the defendants. According to the complaint, all four defendants worked at the Carl Robinson facility. Elliston has not plausibly alleged that they were aware of or responsible for the conditions at Northern.

Second, Elliston sues all the defendants in both their individual and official capacities. But state officials who are sued in their official capacities are immune under the Eleventh Amendment from federal court lawsuits for money damages. *See Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 122–23 (2d Cir. 2020). And despite a fleeting mention of "injuncti[ve] relief," the rest of Elliston's complaint mentions only damages and does not plausibly show that he needs an injunction.[11] Accordingly, I will allow Elliston's claims to proceed only as damages actions against the defendants in their individual capacities.

## Conclusion

For the reasons set forth above, the Court enters the following orders:

(1) Elliston's Eighth Amendment claims shall proceed against the defendants in their individual capacities, limited to the events at the Carl Robinson Correctional Institution. The official-capacity claims are DISMISSED.

(2) If the plaintiff believes there are additional facts the plaintiff can allege that will overcome any of the deficiencies identified in this ruling, then the plaintiff may file a proposed amended complaint within 30 days of this order.

(3) The Clerk shall verify the current work addresses for the named defendants with the DOC Office of Legal Affairs, mail a waiver of service of process request packet containing the

---

[11] Doc. #1 at 2.

complaint to those defendants at the confirmed addresses within twenty-one (21) days of this Order, and report to the Court on the status of the waiver requests by not later than the thirty-fifth (35) day after mailing. If any defendant fails to return the waiver request, the Clerk shall arrange for in-person service by the U.S. Marshals Service on that defendant, and that defendant shall be required to pay the costs of such service in accordance with Fed. R. Civ. P. 4(d).

(4) All defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them.

(5) The Clerk shall send a courtesy copy of the complaint and this Order to the DOC Office of Legal Affairs.

(6) The discovery deadline is extended to six months (180 days) from the date of this Order. The parties must comply with the District of Connecticut "Standing Order Re: Initial Discovery Disclosures" which the Clerk must send to plaintiff with a copy of this order. The order also can be found at http://ctd.uscourts.gov/district-connecticut-public-standing-orders. Note that discovery requests should not be filed with the Court. In the event of a dispute over discovery, the parties should make a good faith effort to resolve the dispute amongst themselves; then, the parties should file the appropriate motion to compel on the docket.

(7) The deadline for summary judgment motions is extended to seven months (210 days) from the date of this Order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion (i.e. a motion to dismiss or a motion for summary judgment) within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the Court may grant the dispositive motion without further proceedings.

(9) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)(2) provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. He should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he must indicate all of the case numbers in the notification of change of address. Plaintiff must also notify defendants or defense counsel of his new address.

(10) Plaintiff shall utilize the Prisoner E-Filing Program when filing documents with the Court. Plaintiff is advised that the Program may be used only to file documents with the Court. As discovery requests are not filed with the Court, the parties must serve discovery requests on each other by regular mail.

Dated at New Haven this 10th day of May 2022.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge